Presented to the Court by the foreman of the
Grand Jury in open Court, in the presence of
the Grand Jury and FILED in The U.S.
DISTRICT COURT at Seattle, Washington.

*MARCH  25*, 20 *09*
BRUCE RIFKIN,  Clerk
By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

VLADISLAV BAYDOVSKIY,
DONATA BAYDOVSKIY,
a/k/a NETA BRENNER,
CAMIE BYRON,
VIKTOR KOBZAR, ALLA SOBOL,
a/k/a ALLA PYATETSKAY,
DAVID SOBOL, and
SANDRA THORPE,

    Defendants.

CR09  0084 MJP

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

INDICTMENT

09-CR-00084-INDI

INDICTMENT

The Grand Jury charges:

COUNT ONE
(18 U.S.C. § 1349 - Conspiracy to Commit Bank, Mail and Wire Fraud)

A.  INTRODUCTION

    At all times relevant to this indictment, unless otherwise specified:

    1.    Kobay Financial Corporation ("Kobay") was a Washington State corporation
established on or about September 15, 2000. Defendants VIKTOR KOBZAR and VLADISLAV
BAYDOVSKIY caused the filing of Articles of Incorporation with the Washington Secretary of
State's Office incorporating Kobay. The corporate filings identify VLADISLAV

KOBAY INDICTMENT - 1

1  BAYDOVSKIY and VIKTOR KOBZAR as the corporation's shareholders and VIKTOR
2  KOBZAR as the sole officer for all positions.  Kobay was engaged in the business of originating
3  mortgage loans, and packaging and submitting loan applications and related documents for
4  funding to lenders.

5      2.  Nationwide Home Lending, LLC ("Nationwide") was a Washington State limited
6  liability company established on or about November 8, 2005.  Defendant ALLA SOBOL, a/k/a
7  ALLA PYATETSKAY and M.C. caused the filing of documents with the Washington Secretary
8  of State's Office establishing Nationwide.  Nationwide was engaged in the business of
9  originating mortgage loans, and packaging and submitting loan applications and related
10  documents for funding to lenders.

11      3.  Emerald City Escrow, LLC ("Emerald City") was a Washington State limited
12  liability company established on or about September 15, 2005.  Defendants DAVID SOBOL,
13  DONATA BAYDOVSKIY, a/k/a DONATA BRENNER, a/k/a NETA BRENNER, and J.K.
14  caused the filing of documents with the Washington Secretary of State's Office establishing
15  Emerald City.  On or about August 9, 2006, defendants DAVID SOBOL, DONATA
16  BAYDOVSKIY, a/k/a DONATA BRENNER, a/k/a NETA BRENNER, and J.K., signed a form
17  with Viking Bank, indicating that the above mentioned individuals are authorized signators on
18  account number XXXXXX3173, the pooled Interest on Lawyers Trust Account (IOLTA) used by
19  Emerald City as an escrow account.  Emerald City was engaged in the business of acting as an
20  intermediary to facilitate the purchase and sale of real property.  Emerald City, through the
21  actions of its employees and principals, prepared, obtained and delivered written instruments,
22  money, evidence of title, and other things of value to complete or close real property transactions.

23      4.  Defendants VLADISLAV BAYDOVSKIY and VIKTOR KOBZAR, established,
24  owned and operated Kobay from offices located at 777 108th Ave NE in Bellevue, Washington .
25  Defendants VLADISLAV BAYDOVSKIY and VIKTOR KOBZAR ceased conducting their
26  mortgage brokerage business using the Kobay corporate entity in approximately January 2008.

27      5.  Defendant ALLA SOBOL a/k/a ALLA PYATETSKAY, was a director, officer
28  and managing member of Nationwide.  Defendant ALLA SOBOL was a registered mortgage

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

broker in the State of Washington.  Beginning in late 2006 or early 2007, Defendants VLADISLAV BAYDOVSKIY and VIKTOR KOBZAR began using the Nationwide entity to conduct their mortgage brokerage business operations.  Nationwide's business offices were located at 127 Bellevue Way SE in Bellevue, Washington, 155 108th Avenue NE in Bellevue, Washington, and 10900 NE 8th Street in Bellevue, Washington.

6.     Defendant DONATA BAYDOVSKIY, a/k/a NETA BRENNER, the wife of Defendant VLADISLAV BAYDOVSKIY, was a co-owner and operator of Emerald City

7.     Defendant DAVID SOBOL, the husband of Defendant ALLA SOBOL, was a licensed real estate agent and broker, and managed the day-to-day operations of Emerald City.

8.     Defendant CAMIE BYRON was an employee of Kobay and Nationwide and participated in preparing, packaging and submitting loan applications and related documents for funding.

9.     Defendant SANDRA THORPE conducted an accounting and bookkeeping business under the name SMT Enterprises, and prepared false letters verifying employment and other financial matters for prospective borrowers/purchasers who used the services of Kobay, Nationwide and Emerald City.

10.     ING Bank, FSB and Washington Mutual Bank, were financial institutions as defined in Title 18, United States Code, Section 20.

B.  THE AGREEMENT

11.     Beginning no later than on or about September 15, 2005, and continuing until on or about December 31, 2008, in the Western District of Washington and elsewhere, the defendants, VLADISLAV BAYDOVSKIY, DONATA BAYDOVSKIY, a/k/a NETA BRENNER, CAMIE BYRON, VIKTOR KOBZAR, ALLA SOBOL, a/k/a ALLA PYATETSKAY, DAVID SOBOL, and SANDRA THORPE did willfully and knowingly conspire, combine, confederate and agree among themselves, and with other persons both known and unknown to the grand jury, to commit offenses in violation of the laws of the United States, to wit:

a.  Bank Fraud, in violation of Title 18, United States Code, Section 1344;

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

b. Mail Fraud, in violation of Title 18, United States Code, Section 1341; and

c. Wire Fraud, in violation of Title 18, United States Code, Section 1343.

C. PURPOSE OF THE CONSPIRACY

12.     The purpose of the conspiracy was to defraud financial institutions by, among other things: (a) locating residential real properties that were available for purchase and recruiting straw buyers or otherwise unqualified buyers to participate in purchasing the properties; (b) falsely inflating the value of the properties, (c) submitting false and fraudulent mortgage loan applications, title documentation, and related documents to financial institutions, thereby causing lenders to make loans; (d) creating false and fraudulent documents intended to conceal the diversion of loan proceeds to the defendants; and (e) diverting fraud proceeds for their personal use and benefit, and to further the fraud scheme.

13.     During the period of the conspiracy, the defendants secured through straw buyers and otherwise unqualified purchasers at least sixty-eight loans, representing at least $46 million in loan proceeds, based on false and fraudulent representations. The defendants diverted at least $9.0 million in fraudulently obtained loan proceeds for their personal benefit and use, including purchasing homes, luxury vehicles, securities, and a boat.

D. MANNER AND MEANS OF THE CONSPIRACY

14.     The defendants and their co-conspirators used the following means and acted in the following manner, among others, to effect the conspiracy:

a.     It was part of the conspiracy that the defendants located residential properties available for purchase and recruited individuals to act as buyers of the located properties. These individuals, otherwise known as "straw buyers," would allow their identities and credit to be used by the defendants to purchase the properties. The straw buyers had no intention of permanently owning or occupying the properties.

b.     It was a further part of the conspiracy that the defendants paid straw buyers for participating in purchasing selected properties and told straw buyers that they would pay for expenses associated with ownership, including mortgage payments, property taxes, and utilities during their titular ownership of the property.

KOBAY INDICTMENT - 4

c.      It was a further part of the conspiracy that, in addition to recruiting straw buyers, the defendants recruited individuals who were otherwise unqualified to obtain financing to purchase properties selected by the defendants.  These unqualified purchasers were misled by the defendants who failed to disclose the true financing arrangements underlying the purchase transactions.  The defendants told theses otherwise unqualified individuals they would realize significant profits by purchasing the selected properties and subsequently selling the properties to third parties.

d.      It was a further part of the conspiracy that the defendants would prepare, or cause others to prepare, a Uniform Residential Loan Application ("Loan Application") to facilitate the scheme to defraud.  The Loan Application, commonly referred to as a mortgage loan application, or Form 1003, is a universally used mortgage loan application developed by federal government agencies and utilized by financial institutions and other lenders in the mortgage loan approval process.  The Loan Application requires prospective borrowers to submit a complete and accurate financial history, including employment information, monthly income, assets and liabilities, details of the residential real estate transaction, and whether the property will be used as the borrower's primary residence.  The Loan Application includes an "Acknowledgment and Agreement" clause, pursuant to which borrowers acknowledge that the information provided is true and correct.  The defendants, and others acting on their behalf, caused the Loan Applications for the straw buyers and otherwise unqualified buyers to be prepared based upon fraudulent representations related to gross monthly income, employment status, assets and liabilities, and whether the property would be used as the primary residence.

e.      It was a further part of the conspiracy that the defendants submitted, or caused to be submitted, false and fraudulent Loan Applications, together with false and fraudulent supporting documentation related to income, assets, liabilities, employment status, and tax information to prospective lenders to secure mortgage backed financing.

f.      It was a further part of the conspiracy that the defendants submitted, or caused to be submitted, documentation falsely inflating the sales price of the properties.

g.      It was a further part of the conspiracy that the defendants solicited and obtained false verification letters from defendant THORPE, in which defendant THORPE falsely

KOBAY INDICTMENT - 5

1  represented the prospective borrower's employment status and other financial matters.

2      h.      It was a further part of the conspiracy that the defendants represented to lending

3  institutions that Loan Applications and related documentation submitted on behalf of prospective

4  purchasers/borrowers reflected complete and accurate information.  Lending institutions

5  extended financing on the basis of those representations.

6      I.      It was a further part of the conspiracy that the defendants created, and caused

7  others to create, false HUD-1 Settlement Statements.  HUD-1 Statements are standard forms

8  used to facilitate the closing of residential real estate purchase and sale transactions.  They are

9  used to identify and allocate expenditures and payments associated with the transaction.

10  Lending institutions rely on the accuracy of HUD-1 Statements to ensure loan proceeds are

11  applied appropriately to protect the lender's security interest in the purchased property.

12  Defendants, and others acting under their direction, prepared and submitted false HUD-1

13  Statements to lending institutions.   False and fraudulent HUD-1 statements were used to conceal

14  the underlying purchase and sale transaction in which the negotiated sale price was less than that

15  represented on the falsified Statement.

16      j.      It was a further part of the conspiracy that the defendants prepared multiple HUD-1 Statements in an effort to conceal from some purchasers the true nature of expenditures and

17  payments associated with the purchase and sale transaction.

18      k.      It was a further part of the conspiracy that defendants diverted a significant

19  portion of the loan proceeds from escrow accounts for their personal benefit.

20      l.      It was a further part of the conspiracy that the defendants used a portion of the

21  diverted loan proceeds to make payments on fraudulently obtained loans to delay defaulting on

22  the obligation and facilitate further fraud by using the acquired property for subsequent

23  fraudulent transactions.

24      m.      It was a further part of the conspiracy that the defendants undertook efforts to hide

25  and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts

26  committed in furtherance of the conspiracy.

27

28

KOBAY INDICTMENT - 6

E.   OVERT ACTS

15.   In furtherance of the conspiracy, and to accomplish its purposes and objectives, the defendants committed and caused to be committed the following overt acts, among others, in the Western District of Washington, and elsewhere:

### REPRESENTATIVE TRANSACTIONS

The following properties and associated transactions are representative examples of overt acts committed by the defendants, or others acting on their directions.

### *1428 92nd Avenue NE, Clyde Hill, WA*

16.   On or about September 13, 2006, B.Z. was recruited by VLADISLAV BAYDOVSKIY to enter into a real estate purchase and sale agreement to buy a residence located at 1428 92nd Avenue NE in Clyde Hill, Washington. According to the initial purchase and sale agreement, the purchase price was $2.89 million.

17.   On or about December 6, 2007, VLADISLAV BAYDOVSKIY, and others acting under his direction, prepared or caused to be prepared a second purchase and sale agreement increasing the purchase price to $4.15 million.

18.   On or about March 7, 2007, VLADISLAV BAYDOVSKIY, or others acting under his directions, submitted or caused to be submitted a Loan Application in the name of B.Z., and purportedly signed by B.Z., to Homecomings Financial LLC for consideration of a purchase money loan in the amount of $2,905,000. The Loan Application included the following false statements:

    a.    B.Z.'s monthly earnings were $68,190;

    b.    B.Z. had made an earnest money deposit of $800,000;

    c.    B.Z.'s Washington Mutual Bank account balance was $363,000; and

    d.    B.Z. intended to use the property as his primary residence.

In fact, B.Z.'s. monthly earnings were $10,000. He had made an earnest money deposit of $30,000. His Washington Mutual Bank account balance was $15,000; and he purchased the property for investment purposes, not as a primary residence. Finally, B.Z.'s purported signature on the Loan Application was forged.

19.   On or about March 12, 2007, Homecomings Financial LLC agreed to extend a $2,942,975 loan.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

20.     On or about March 12, 2007, DONATA BAYDOVSKIY a/k/a NETA BRENNER faxed or caused to be faxed from Emerald City Escrow to Homecomings Financial LLC signed closing documents on behalf of B.Z. for a $2,942,975 loan containing financial misrepresentations including B.Z.'s monthly income, amounts held in escrow, and B.Z.'s intent to use the property as his primary residence.

21.     On or about March 14, 2007, Homecomings Financial LLC wired the approved loan funds from JP Morgan Chase Bank in Petaluma, California to Viking Community Bank in Seattle, Washington, for credit to the account of Emerald City Escrow in accordance with instructions submitted by Emerald City Escrow through defendant DONATA BAYDOVSKIY a/k/a NETA BRENNER to purchase property located at 1428 92nd Avenue NE in Clyde Hill, Washington. A portion of the loan proceeds were disbursed as follows:

a.      On or about March 14, 2007, DAVID SOBOL issued check #5233 on the account of Emerald City Escrow at Viking Community Bank payable to David and Alla Sobol Family LP in the amount of $254,785.00.

b.      On or about March 15, 2007, DONATA BAYDOVSKIY a/k/a DONATA BRENNER issued check #4557 on the account of Emerald City Escrow at Viking Community Bank payable to Nationwide Home Lending LLC in the amount of $49,887.50; check #4558 payable to VIKTOR KOBZAR in the amount of $144,535.00; check #4559 payable to VLADISLAV BAYDOVSKIY in the amount of $33,489.26; and check #4560 payable to VLADISLAV BAYDOVSKIY in the amount of $192,500.

c.      On or about March 16, 2007, DONATA BAYDOVSKIY a/k/a DONATA BRENNER issued check #4563 on the account of Emerald City Escrow at Viking Community Bank payable to VLADISLAV BAYDOVSKIY in the amount of $2,500.00 and check #4565 payable to Emerald City Escrow in the amount of $10,774.01.

### *5571 Lakemont Blvd SE Apt 1404 in Bellevue, Washington*

22.     On or about May 4, 2006, CAMIE BYRON entered into a purchase and sale agreement to purchase a condominium located at 5571 Lakemont Blvd. SE in Bellevue, Washington

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

from VLADISLAV BAYDOVSKIY. The purchase price in the agreement was $535,000. VLADISLAV BAYDOVSKIY had purchased the property on or about Oct 23, 2003 for $349,990.

23. On or about May 4, 2006, CAMIE BYRON and B.K., a loan officer employed by Kobay, submitted a loan application to Bears Stearns Residential Mortgage Corp. seeking loans in the amounts of $424,000.00 and $106,000.00 on behalf of CAMIE BYRON for the purchase of a condominium located at 5571 Lakemont Blvd SE in Bellevue, Washington. The Loan Application, which was signed by CAMIE BYRON, contained the following false statements:

a. Monthly earnings of $10,719;

b. Ownership of a 2005 BMW automobile valued at $70,000; and

c. Ownership of a 2007 Cadillac Escalade valued at $82,500.

In fact, BYRON's monthly earnings as reported to the Internal Revenue Service for 2006 were significantly less than $10,000. In addition, the state vehicle registration records do not support her claims of vehicle ownership.

24. On or about June 6, 2006, VIKTOR KOBZAR signed a Request for Verification of Employment on behalf of CAMIE BYRON, fraudulently inflating BYRON's gross earnings. The Request for Verification of Employment form was submitted via facsimile to Bear Stearns Residential Mortgage Corp.

25. On or about Jun 6, 2006, B.K., a loan officer working at Nationwide faxed, or caused others to fax, 2004 and 2005 IRS 1040 Tax Returns purportedly filed by CAMIE BYRON to Bear Stearns Residential Mortgage Corp. in furtherance of Nationwide's efforts to obtain a loan. According to the faxed 2004 Return, CAMIE BYRON reported taxable income of $102,390. According to the faxed 2005 Return, CAMIE BYRON reported taxable income of $122,970. In addition, B.K., or others working on behalf of Nationwide, submitted W-2 Forms from Kobay Financial Corporation purportedly documenting the income CAMIE BYRON claimed on the faxed Returns. In truth, the 2004 IRS 1040 Return filed by CAMIE BYRON reported income of approximately $17,806; and the 2005 IRS 1040 Return reported income of approximately $35,835. Kobay Financial Corporation did not issue W-2 Forms to CAMIE BYRON in either 2004 or 2005.

26. On or about June 30, 2006, Bear Stearns Residential Mortgage Corp. accepted the application submitted on behalf of CAMIE BYRON and agreed to fund the requested loans.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

27.     On or about June 30, 2006, Bear Stearns Residential Mortgage Corp. caused the loan proceeds to be wired from CTC New Jersey to Viking Community Bank in Seattle, Washington, for credit to the account of Emerald City Escrow in accordance with instructions submitted by Emerald City Escrow through defendant DONATA BAYDOVSKIY, a/k/a NETA BRENNER to purchase the property located at 5571 Lakemont Blvd SE Apt 1404 in Bellevue, Washington. A portion of the loan proceeds were disbursed as follows:

a.     On or about July 12, 2006, DONATA BAYDOVSKIY, a/k/a DONATA BRENNER issued check #1930 on the account of Emerald City Escrow at Viking Community Bank payable to VLADISLAV BAYDOVSKIY in the amount of $18,056.11, that was endorsed payable to CAMIE BYRON and deposited in the account of CAMIE BYRON, Account Number xxx-xxx173-7 at Washington Mutual Bank.

### 2632 78th Avenue NE in Medina, Washington

28.     On or about October 2006, M.B. was recruited by VLADISLAV BAYDOVSKIY to enter into a real estate purchase and sale agreement to buy a residence located at 2632 78th Avenue NE in Medina, Washington. According to the purchase and sale agreement, the purchase price was $1.2 million. VLADISLAV BAYDOVSKIY told M.B. she would realize a substantial profit by purchasing the property, removing the existing structure, and building and selling a new house to a third party purchaser.

29.     On or about March 16, 2007, VLADISLAV BAYDOVSKIY prepared a Loan Application in the name of M. B. seeking a purchase money loan in the amount of $2.34 million.

30.     On or about March 16, 2007, VLADISLAV BAYDOVSKIY d/b/a KoBay, caused the submission of a $2,340,000.00 loan application to Taylor, Bean & Whitaker Mortgage Corp. in the name of M.B. The Loan Application included the following false statements:

a.     M.B. lived at 650 Bellevue Way NE, Suite 3203 in Bellevue, Washington;

b.     M.B. was employed by Cynthia Johnson Designs in Seattle, Washington;

c.     M.B. held assets valued at $851,500, including a 2006 BMW and a yacht;

d.     M.B. intended to use the property as her primary residence.

In fact, M.B. did not live at 650 Bellevue Way NE. The listed address is a condominium owned by VIKTOR KOBZAR. M.B. was actually employed as a house cleaner earning between $18,000 and

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

$20,000 annually. She held very few assets and intended to purchase the property as an investment, not a primary residence.

31.    On or about April 5, 2007, CAMIE BYRON requested via email communication an accountant verification letter from SANDRA THORPE, an accountant.

32.    On or about April 6, 2007, SANDRA THORPE faxed the requested letter to CAMIE BYRON falsely verifying that SANDRA THORPE had prepared and filed the taxes for M. B. for the past two years.

33.    On or about April 13, 2007, CAMIE BYRON faxed, or caused to be faxed, the accountant verification letter that SANDRA THORPE had prepared for M.B. to Taylor, Bean & Whitaker Mortgage Corp.

34.    On or about May 2, 2007. Taylor, Bean & Whitaker Mortgage Corp. accepted the application submitted on behalf of M.B. and agreed to fund the requested loan.

35.    On or about May 7, 2007, Taylor, Bean & Whitaker Mortgage Corp. caused the loan proceeds to be wired from Colonial Bank, Ocala, Florida to Viking Community Bank in Seattle, Washington, for credit to the account of Emerald City Escrow in accordance with instructions submitted by Emerald City Escrow through defendant DONATA BAYDOVSKIY, a/k/a NETA BRENNER to purchase the property located at 2632 78th Avenue NE in Medina, Washington. A portion of the loan proceeds were disbursed as follows:

      a.    On or about May 8, 2007, DONATA BAYDOVSKIY, a/k/a DONATA BRENNER issued check #5233 on the account of Emerald City Escrow at Viking Community Bank payable to Reconveyance Experts, LLC in the amount of $240.00; check #5252 payable to VLADISLAV BAYDOVSKIY in the amount of $200,000.00; check #5253 payable to CAMIE BYRON in the amount of $3,000.00; check #5254 payable to VLADISLAV BAYDOVSKIY and VIKTOR KOBZAR in the amount of $187,877.44; check #5255 payable to NATIONWIDE HOME LENDING, LLC in the amount of $72,600.00; and check #5260 in the amount of $3,209.00 payable to Emerald City Escrow.

### *1218 N 27th Place in Renton, Washington*

36.    On or about January 28, 2007, ALLA SOBOL, a/k/a ALLA PYATETSKAY signed

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

a Residential Real Estate Purchase and Sale Agreement as the seller of a property located at 1218 N 27th Place in Renton, Washington. The purchaser of the property was identified as K.H., a relative of one of the co-conspirators. The purchase price was identified as $945,000. ALLA SOBOL had purchased the property using the name ALLA PYATETSKAY on or about November1, 2005 for $743,000, funding the purchase with a mortgage secured loan of $594,500.

37.     On or about February 5, 2007, CAMIE BYRON and L.T., a loan officer employed by Nationwide, caused the submission of Loan Applications to National City Mortgage seeking loans in the amounts of $756,000.00 and $189,000 in the name of K.H. The Loan Applications included the following false statements:

    a.     K.H. held assets valued at $545,401, including a Washington Mutual Money Market Account;

    b.     K.H. intended to use the property as her primary residence.

In truth, the identified Washington Mutual account was owned by CAMIE BYRON and K.H. did not intend to use the property as her primary residence.

38.     On or about February 5, 2007, CAMIE BYRON submitted, or caused to be submitted, false and fraudulent bank account statements purportedly reflecting account number XXX-XXX239-1held by K.H. at Washington Mutual Bank. The true holder of the account was CAMIE BYRON.

39.     On or about February 26, 2007, National City Bank wired the loan proceeds to Viking Community Bank in Seattle, Washington, for credit to the account of Emerald City Escrow in accordance with instructions submitted by Emerald City Escrow through J.V. using DAVID SOBOL's email address.

40.     On or about February 27, 2007, ALLA SOBOL, a/k/a ALLA PYATETSKAY, and DAVID SOBOL caused a wire transfer in the amount of $239,627.11 drawn on the account of Emerald City Escrow at Viking Community Bank in Seattle, Washington to be deposited into the account of Alla Sobol and David Sobol Family LP, Account Number xxxx-3676 at Washington Mutual Bank, and a wire transfer in the amount of $85,881.81 to be deposited into the account of Alla Sobol and David Sobol, Account Number xxxx-5889 at Washington Mutual Bank.

### *8227 17th Avenue SE in Newcastle, Washington*

41.     On or about August 26, 2007, CAMIE BYRON entered into a purchase and sale

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

agreement to purchase property located at 8227 117th Avenue SE in Newcastle, Washington for $1.0 million. The seller was DAVID SOBOL. DAVID SOBOL had purchased the property on or about August 22, 2007 for $669,950.

42.     On or about September 13, 2007, VIKTOR KOBZAR d/b/a Nationwide Home Lending LLC caused the submission of an $800,000.00 loan application to Washington Mutual Bank in the name of CAMIE BYRON. The Loan Application, which was signed by CAMIE BYRON, contained the following false statements:

a.      Monthly earnings of $23,500; and

b.      Intent to use the property as her primary residence;

43.     On or about September 20, 2007, CAMIE BYRON, submitted, or caused others to submit, a 2005 an IRS Form 1040 Tax Return purportedly filed by CAMIE BYRON to Washington Mutual Bank in furtherance of Nationwide's efforts to obtain a loan. According to the submitted 2005 Return, CAMIE BYRON reported adjusted gross income of $290,127. In truth, the 2005 IRS 1040 Return actually filed by CAMIE BYRON reported income of approximately $35,835.

44.     On or about September 27, 2007, Washington Mutual Bank agreed to fund the $800,000 loan and wired the proceeds to Emerald City Escrow in accordance with instructions submitted by Emerald City Escrow through defendant DONATA BAYDOVSKIY, a/k/a NETA BRENNER.

45.     On or about November 21, 2007, CAMIE BYRON transferred her interest in 8227 117th Avenue SE in Newcastle, Washington to 3102 Venture LLC, an entity she formed on January 9, 2007.

46.     On or about November 1, 2007, 3102 Venture LLC entered into a purchase and sale agreement purportedly selling the property at 8227 117th Avenue SE in Newcastle, Washington to S.S. for $1.4 million.

47.     On or about November 4, 2007, J.M. caused the submission of a $1,120,000 Loan Application to Washington Mutual Bank. in the name of S.S., containing fraudulent employment information and false gross earnings figures supported by false and fraudulent 2005 and 2006 IRS Form 1040 Tax Returns. The Returns submitted with the S.S. Loan Application to Washington Mutual Bank represented S.S.'s income to be $324,144 in 2005 and $384,217 in 2006. S.S.'s

KOBAY INDICTMENT - 13

reported income to the IRS in 2005 was $13,245 and $16,600 in 2006.

48.     On or about November 9, 2007, Washington Mutual Bank accepted the application submitted on behalf of S.S. and agreed to fund the requested loan.

49.     On or about November 29, 2007, Washington Mutual Bank wired the loan proceeds to Emerald City Escrow in accordance with instructions submitted by Emerald City Escrow through defendant DAVID SOBOL.

50.     On or about November 29, 2007, DAVID SOBOL facilitated the closing of S.S.'s purchase of the property at 8227 117th Avenue SE in Newcastle through Emerald City. The closing included receipt of $1,120,000 in loan proceeds from Washington Mutual Bank. The proceeds of the loan were disbursed as follows:

a.     On or about December 4, 2007, DAVID SOBOL issued check #7450 on the account of Emerald City Escrow at Viking Community Bank payable to Wells Fargo in the amount of $91,663.54 to payoff CAMIE BYRON's loan she obtained on or about September 27, 2007; check #7443 payable to Executive Loan Services in the amount of $1,500; check #7448 payable to CAMIE BYRON in the amount of $64,075.38; check #7444 payable to ALLA SOBOL in the amount of $19,000; check #7438 payable to Emerald City in the amount of $7,800; and check #7503 payable to 3102 Venture LLC in the amount of $8,186.460;

b.     On or about 4, 2007, DAVID SOBOL caused a wire transfer in the amount of $806,274.48 drawn on the account of Emerald City Escrow at Viking Community Bank, Seattle, Washington payable to Washington Mutual Bank to payoff the loan CAMIE BYRON obtained on or about September 27, 2007;

Counts 2 through 40 of this Indictment are hereby incorporated by reference herein and alleged as overt acts as if fully set forth herein.

All in violation of Title 18, United States Code, Section 1349.


### COUNTS 2 through 12
(18 U.S.C. §§ 1344(1) & (2) and 2 - Bank Fraud)

51.     The factual allegations contained in paragraphs one through fifty are realleged and

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

incorporated by reference as though fully set forth herein.

52.     On or about the dates listed below, in the Western District of Washington and elsewhere, defendants VLADISLAV BAYDOVSKIY, DONATA BAYDOVSKIY, a/k/a NETA BRENNER, CAMIE BYRON, VIKTOR KOBZAR, ALLA SOBOL, a/k/a ALLA PYATETSKAY, and DAVID SOBOL did knowingly execute, and attempt to execute, the scheme and artifice to defraud as described in Count One to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of the financial institutions listed below by causing the following transactions by means of false and fraudulent pretenses, representations, and promises:

| COUNT | DATE | FINANCIAL INSTITUTION | TRANSACTION |
|---|---|---|---|
| 2 | 9/26/07 | Washington Mutual | Obtained loan proceeds in the amount of $800,000 for purchase of property located at 8227 SE 117th Avenue in New Castle, Washington |
| 3 | 10/19/06 | Washington Mutual | Obtained loan proceeds in the amount of $686,000 for purchase of property located at 3102 92nd Avenue NE in Clyde Hill, Washington |
| 4 | 11/16/07 | Washington Mutual | Obtained loan proceeds in the amount of $960,000 for purchase of property located at 2057 78th Avenue NE in Medina, Washington |
| 5 | 1/11/08 | ING Bank, FSB | Obtained loan proceeds in the amount of $900,000 for purchase of property located at 23012 NE 189th Street in Woodinville, Washington |
| 6 | 7/30/08 | ING Bank, FSB | Obtained loan proceeds in the amount of $620,000 for purchase of property located at 23728 29th Avenue W. in Brier, Washington |
| 7 | 6/20/08 | ING Bank, FSB | Obtained loan proceeds in the amount of $940,000 for purchase of property located at 4023 State Route 92, in Lake Stevens, Washington |

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| 8 | 11/27/07 | Washington Mutual | Obtained loan proceeds in the amount of $787,500 for purchase of property located at 1133 107th Avenue SE in Bellevue, Washington |
| 9 | 3/26/08 | ING Bank, FSB | Obtained loan proceeds in the amount of $297,500 for purchase of property located at 513 SW 321st Street in Federal Way, Washington |
| 10 | 5/02/08 | ING Bank, FSB | Obtained loan proceeds in the amount of $720,000 for purchase of property located at 36030 21st Place S in Federal Way, Washington |
| 11 | 12/18/07 | ING Bank, FSB | Obtained loan proceeds in the amount of $240,000 for purchase of property located at 8839 NE 166th Avenue Unit C303 in Redmond, Washington |
| 12 | 11/28/07 | Washington Mutual | Obtained loan proceeds in the amount of $1,120,000 for purchase of property located at 8227 SE 117th Avenue in Newcastle, Washington |

All in violation of Title 18, United States Code, Sections 1344 and 2.

**COUNTS 13 through 19**
(18 U.S.C. §§ 1341 and 2 - Mail Fraud)

53.     The factual allegations contained in paragraphs one through fifty are realleged and incorporated by reference as though fully set forth herein.

54.     On or about the dates listed below, in the Western District of Washington and elsewhere, defendants VLADISLAV BAYDOVSKIY, DONATA BAYDOVSKIY, a/k/a NETA BRENNER, CAMIE BYRON, VIKTOR KOBZAR, ALLA SOBOL, a/k/a ALLA PYATETSKAY, and DAVID SOBOL for the purpose of executing the scheme and artifice to defraud set forth in Count One, and attempting to do so, and for the purpose of obtaining money and property by means of false and fraudulent material pretenses, representations, and promises, and the concealment of material fact, did knowingly and willfully cause to be sent and delivered by the United States Postal Service and other private and commercial interstate carriers according to the directions thereon, the items listed below, each of which constitutes a separate count of this Indictment:

KOBAY INDICTMENT - 16

| COUNT | DATE | PROPERTY PURCHASED | ITEM SENT/DELIVERED |
|-------|------|--------------------|---------------------|
| 13 | 6/30/2006 | 5571 Lakemont Blvd SE Apt 1404, Bellevue, WA | Deed of Trust ($106,000) mailed from Seattle, Washington to Bear Stearns Residential Mortgage Corporation in Scottsdale, AZ |
| 14 | 6/30/2006 | 5571 Lakemont Blvd SE Apt 1404, Bellevue, WA | Deed of Trust ($424,000) mailed from Seattle, Washington to Bear Stearns Residential Mortgage Corporation in Scottsdale, AZ to |
| 15 | 3/15/2007 | 1428 92nd Ave NE, Clyde Hill, WA | Deed of Trust mailed from Seattle, Washington to Homecomings Financial in Minneapolis, MN |
| 16 | 7/17/2007 | 13610 47th Pl W, Mukilteo, WA | Deed of Trust mailed from Seattle, Washington to Homecomings Financial in Minneapolis, MN |
| 17 | 5/14/2008 | 36030 21st PL S, Federal Way, WA | Deed of Trust mailed from Seattle, Washington to ING Bank, FSB in St. Cloud, MN |
| 18 | 5/21/2008 | 1601 2nd St, Kirkland, WA | Deed of Trust mailed from Seattle, Washington to ING Bank, FSB in St. Cloud, MN |
| 19 | 12/31/2007 | 8839 NE 166th Ave, Unit C303, Redmond, WA | Deed of Trust mailed from Seattle, Washington to ING Bank, FSB in St. Cloud, MN |

All in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNTS 20 through 30
(18 U.S.C. §§ 1343 and 2-Wire Fraud)

55.     The factual allegations contained in paragraphs one through fifty are realleged and incorporated by reference as though fully set forth herein.

56.     On or about the dates listed below, in the Western District of Washington and

KOBAY INDICTMENT - 17

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

elsewhere, defendants VLADISLAV BAYDOVSKIY, DONATA BAYDOVSKIY, a/k/a NETA BRENNER, CAMIE BYRON, VIKTOR KOBZAR, ALLA SOBOL, a/k/a ALLA PYATETSKAY, and DAVID SOBOL for the purpose of executing the scheme and artifice to defraud set forth in Count One, and attempting to do so, and for the purpose of obtaining money and property by means of false and fraudulent material pretenses, representations, and promises, and the concealment of material fact, did knowingly and willfully cause to be transmitted by means of wire communication in interstate commerce, between the Western District of Washington and locations outside the State of Washington, writings, signs, and signals, as described below, to obtain and fund loans to purchase the listed properties, which loans were made in reliance on the false and fraudulent material representations and omissions by defendants in execution of such scheme, with each transmission constituting a separate count of this Indictment:

| COUNT | DATE | PROPERTY PURCHASED | TRANSMISSION |
|-------|------|--------------------|--------------|
| 20 | 6/30/06 | 5571 Lakemont Blvd SE, Apt 1404, Bellevue, WA 98006 | Wire transfers of $421,235.91 and $105,970.96 from Bear Stearns Residential Mortgage, Scottsdale, Arizona, to Viking Community Bank, Seattle, Washington, for credit to the account of Emerald City Escrow |
| 21 | 3/14/07 | 1428 92nd Ave NE, Clyde Hill, WA 98004 | Wire transfer of $2,942,975.38 from Homecomings Financial LLC, Petaluma, California, to Viking Community Bank, Seattle, Washington, for credit to the account of Emerald City Escrow |
| 22 | 5/7/07 | 2632 78TH Ave NE, Medina, WA 98039 | Wire transfer of $1,519,435.52 from Taylor Bean & Whitaker Mortgage, Ocala, Florida, to Viking Community Bank, Seattle, Washington, for credit to the account of Emerald City Escrow |
| 23 | 9/27/07 | 8227 SE 117th Ave, New Castle, WA 98056 | Wire transfer of $806,621.36 from Washington Mutual Bank, Stockton, California, to Viking Community Bank, Seattle, Washington, for credit to the account of Emerald City Escrow |

KOBAY INDICTMENT - 18

| 24 | 11/28/07 | 8227 se 117TH Ave, New Castle, WA 98056 | Wire transfer of $1,141,193.40 from Washington Mutual Bank, Stockton, California, to Viking Community Bank, Seattle, Washington, for credit to the account of Emerald City Escrow |
| 25 | 4/3/08 | 513 SW 321st St, Federal Way, WA 98023 | Wire Transfer of $305,092.21 from ING Bank ,Wilmington, Delaware, to Viking Community Bank, Seattle, Washington for credit to the account of Emerald City Escrow |
| 26 | 5/14/08 | 36030 21ST Lane S, Federal Way, WA 98003 | Wire Transfer of $729,730.21 from ING Bank,Wilmington, Delaware, to Viking Community Bank, Seattle, Washington for credit to the account of Emerald City Escrow |
| 27 | 2/26/07 | 1218 N 27th Pl, Renton, WA 98056 | Wire transfers of $752,981.29 and $188,855.84 from National City Bank of Indiana, Miamisburg, Ohio, to Viking Community Bank, Seattle, Washington, for credit to the account of Emerald City Escrow |
| 28 | 12/3/07 | 1133 107th Ave SE, Bellevue, WA 98004 | Wire transfer of $801,421.78 from Washington Mutual Bank, Stockton, California, to Viking Community Bank, Seattle, Washington, for credit to the account of Emerald City Escrow |
| 29 | 6/28/07 | 3102 92ND Ave NE, Clyde Hill, WA 98004 | Wire transfer of $884,210.30 from Taylor Bean & Whitaker Mortgage, Ocala, Florida, to Viking Community Bank, Seattle, Washington, for credit to the account of Emerald City Escrow. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 30 through 33**
(18 U.S.C. §§ 1014 and 2-False Statement on Loan Applications)

57.     The factual allegations contained in paragraphs one through fifty are realleged and incorporated by reference as though fully set forth herein.

58.     On or about the dates listed below, in the Western District of Washington and elsewhere, defendants VLADISLAV BAYDOVSKIY, DONATA BAYDOVSKIY, a/k/a NETA BRENNER, CAMIE BYRON, VIKTOR KOBZAR, ALLA SOBOL, a/k/a ALLA

KOBAY INDICTMENT - 19

PYATETSKAY, and DAVID SOBOL listed below did knowingly make, or cause others to make, false statements and reports, or willfully overvalue land, property and security for the purpose of influencing the actions of the banks specified below, which were financial institutions, the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with an application, commitment or loan as more particularly described in each count below:

| COUNT | DATE | FINANCIAL INSTITUTION | LOAN TRANSACTIONS |
|-------|------|----------------------|-------------------|
| 30 | 11/28/07 | Washington Mutual | Application package for property located at 8227 SE 117th Avenue in New Castle, Washington contained false statements regarding the borrower's qualifications |
| 31 | 11/16/07 | Washington Mutual | Application package for property located at 2057 78th Avenue NE in Medina, Washington contained false statements regarding the borrower's qualifications |
| 32 | 11/27/07 | Washington Mutual | Application package for property located at 1133 107th Avenue SE in Bellevue, Washington contained false statements regarding the borrower's qualifications |
| 33 | 3/07/08 | Washington Mutual | Application package for property located at 2414 78th Avenue NE in Medina, Washington contained false statements regarding the borrower's qualifications |

All in violation of Title 18, United States Code, Sections 1014 and 2.

### COUNTS 34 THROUGH 40:
(18 U.S.C. §§ 1956(a)(1)(A)(I) & 2 - Monetary Transactions Using Criminally Derived Property)

59.     The factual allegations contained in paragraphs one through fifty are realleged and incorporated by reference as though fully set forth herein.

60.     On or about the dates listed below, in the Western District of Washington, and elsewhere, defendants VLADISLAV BAYDOVSKIY, DONATA BAYDOVSKIY, a/k/a NETA BRENNER, CAMIE BYRON, VIKTOR KOBZAR, ALLA SOBOL, a/k/a ALLA PYATETSKAY, and DAVID SOBOL, did knowingly conduct and attempt to conduct the following financial transactions, knowing that the property involved in the same represented the proceeds of unlawful activity, namely, mail fraud, wire fraud, and bank fraud, as alleged in counts 2 through 29 of this

KOBAY INDICTMENT - 20

Indictment and which financial transactions promoted the carrying on of a specified unlawful activity, because each transaction represented a payment on a loan that was fraudulently obtained by the defendants, with each such transaction representing a separate count of this Indictment as follows:

| COUNT | DATE | DESCRIPTION OF FINANCIAL TRANSACTION | AMOUNT |
|-------|------|--------------------------------------|--------|
| 34 | 1/09/08 | Check number 1307 drawn on Washington Mutual account number XXXX2803, held by Camie Byron, payable to Washington Mutual Bank, a payment on a loan obtained to purchase property located at 8227 SE 117th Avenue in Newcastle, Washington | $4,570.56 |
| 35 | 3/12/08 | Check number 1348 drawn on Washington Mutual account number XXXX2803, held by Camie Byron, payable to Washington Mutual Bank, a payment on a loan obtained to purchase property located at 8227 SE 117th Avenue in Newcastle, Washington | $4,252.91 |
| 36 | 4/12/08 | Check number 1369 drawn on Washington Mutual account number ending in XXXX2803, held by Camie Byron, payable to Washington Mutual Bank, a payment on a loan obtained to purchase property located at 8227 SE 117th Avenue in Newcastle, Washington | $4,252.91 |
| 37 | 9/29/08 | Check number 5011 drawn on Washington Mutual account number XXXX1353, held by Camie Byron, payable to Washington Mutual Bank, a payment on a loan obtained to purchase property located at 8227 SE 117th Avenue in Newcastle, Washington | $4,570.56 |
| 38 | 1/09/08 | Washington Mutual cashiers check drawn on funds from Camie Byron/Alla Sobol Washington Mutual Bank joint account number XXXX6088, payable to Washington Mutual for a loan obtained to purchase property located at 2908 SE 297th Avenue in Washougal, Washington. | $3,262.54 |
| 39 | 1/09/08 | Washington Mutual cashiers check drawn on funds from Camie Byron/Alla Sobol Washington Mutual Bank joint account number XXXX6088, payable to Washington Mutual for a loan obtained to purchase property located at 3002 SE 297th Avenue in Washougal, Washington | $3,262.54 |
| 40 | 2/06/08 | Washington Mutual cashiers check drawn on funds from Camie Byron/Alla Sobol Washington Mutual Bank joint account number XXXX6088, payable to Washington Mutual for a loan obtained to purchase property located at 2908 SE 297th Avenue in Washougal, Washington | $3,262.54 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I) and 2.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## ALLEGATION OF FORFEITURE

61.   The Grand Jury realleges and incorporates by reference the allegations in Counts One through Forty of this Indictment for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

62.   Upon conviction of the offenses alleged in Counts One through Forty, defendants VLADISLAV BAYDOVSKIY, DONATA BAYDOVSKIY, a/k/a NETA BRENNER, CAMIE BYRON, VIKTOR KOBZAR, ALLA SOBOL, a/k/a ALLA PYATETSKAY, and DAVID SOBOL shall forfeit to the United States any property, real and personal, which was involved in the offense, or which constitutes or is derived from proceeds traceable to the aforesaid offenses, including but not limited to the following property:

a.   A 2004 Lamborghini, Gallardo, with Oregon license plate number 849CWR, vehicle identification number ZHWGU11S94LA00585, registered in the name of Viktor V. KOBZAR;

b.   A 2004 Lamborghini, Gallardo, Oregon license plate number DVLAD, vehicle identification number ZHWGU11M24LA01529, registered in the name of Vladislav A. BAYDOVSKIY;

c.   A 2006 BMW, model 750, Oregon license plate number THEDR, vehicle identification number WBAHN835X6DT32035, registered in the name of Vladislav A. BAYDOVSKIY;

d.   A 2007 BMW, model X5, Oregon license plate number 529DEC, vehicle identification number 5UXFE83547LZ37958, registered in the name of Vladislav A. BAYDOVSKIY;

e.   A 2006 Bayliner, 31.5 foot boat, hull number USDA79ELD606, Oregon registration number 601ADA, registered in the name of Vladislav A. BAYDOVSKIY;

f.   Sixty percent (60%) of the outstanding balance from Wachovia Securities, account number ****0932, held in the name of Vladislav A. BAYDOVSKIY, up to a maximum amount of $2,444,878;

KOBAY INDICTMENT - 22

g.   Thirty percent (30%) of the funds contained within Bank of America, checking and savings account number ****0552, held in the name of Vladislav BAYDOVSKIY and Lyudmila Baydovskaya, up to the maximum amount of $513,169;

h.   The funds within Ameritrade, account number *****0201, held in the name of David and Alla SOBOL Family LP (A partnership);

I.   The funds within Fidelity Investment account  number*****1290, in the name of ALLA SOBOL AND DAVID SOBOL;

j.   A 2008 Land Rover, Range Rover, Washington license plate 928YIN, vehicle identification number SALSK254X8Z168284, registered to Alla SOBOL and David SOBOL; and

k.   A 2007 Lexus, model GX, Washington license plate 257WQB, vehicle identification number JTJBT20X770143253, registered in the names of Alla and David SOBOL.

## Money Judgment and Other Property Involved in or Traceable to the Offense

63.   Approximately Nine Million dollars ($9.0 million) in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by defendants VLADISLAV BAYDOVSKIY, DONATA BAYDOVSKIY, a/k/a NETA BRENNER, CAMIE BYRON, VIKTOR KOBZAR, ALLA SOBOL, a/k/a ALLA PYATETSKAY, and DAVID SOBOL and co-conspirators during the scheme, in that such sum in aggregate, constitutes or is derived from proceeds traceable to the offenses alleged in Counts One through Forty.

## Substitute Assets

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third party;

(3)   has been placed beyond the jurisdiction of the court;

(4)   has been substantially diminished in value; or

(5)   has been co-mingled with other property which cannot be subdivided without difficulty;

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  it is the intent of the United States pursuant to Title 21, United States Code, Section 853(p), as

2  incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

3  other property of said defendant up to the value of the forfeitable property (that is, approximately

4  $9.0 million).

5          All in violation of Title 18, United States Code, Section 981(a)(1)(A) and (C), and Title 28,

6  United States Code, Section 2461(c).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A TRUE BILL:

DATED:   3/25/09

Signature of Foreperson redacted pursuant
to the policy of the Judicial Conference
of the United States.

_____
FOREPERSON

_____
JEFFREY C. SULLIVAN
United States Attorney

_____
CARL BLACKSTONE
Assistant United States Attorney

_____
JAMES D. OESTERLE
Assistant United States Attorney

KOBAY INDICTMENT - 24